## Alfred McZEAL, Jr., (doing business as World Wide Walkie Talkie), Plaintiff–Appellant,

v.

## FASTMOBILE, INC., Defendant–Appellee.

### No. 2006–1439.

United States Court of Appeals, Federal Circuit.

March 8, 2007.

### ORDER

PER CURIAM.

Appellant McZeal brought this action against Appellee Fastmobile, Inc. ("Fastmobile"). The United States District Court for the Southern District of Texas dismissed for lack of personal jurisdiction over Fastmobile, after determining that the Fastmobile's website was a passive website (i.e., a website which merely supplies information and does not provide interactivity for visitors to sell or purchase products or services) and that there were insufficient contacts with the forum state to satisfy the requirements of due process. McZeal does not contend on appeal that a passive website could confer personal jurisdiction over Fastmobile, and we see no basis for setting aside the district court's finding of fact that the website involved was a passive website. McZeal contends that the district court erred in applying Fifth Circuit rather than Federal Circuit law. We need not reach this issue because, under either, the result would have been the same. Fastmobile did not waive its objection to personal jurisdiction by filing a motion to dismiss under Fed. R.Civ.P. 12(b)(6), after having moved to dismiss for lack of personal jurisdiction.

Since no discovery was requested below on the question of personal jurisdiction, McZeal cannot complain on appeal that discovery should have been allowed before the motion was decided. The district court did not abuse its discretion in declining to transfer the case. Accordingly, the judgment of the district court is *affirmed.*

No costs.

## NEW GENERATION DEVICES, INC., Plaintiff–Appellant,

v.

## SLOCUM ENTERPRISES, INC. and D. Barclay Slocum Trust Agreement, Defendants–Appellees.

### No. 06–1137.

United States Court of Appeals, Federal Circuit.

March 8, 2007.

### ORDER

The parties having so agreed, it is

ORDERED that the proceeding is DISMISSED under Fed. R.App. P. 42(b).